J-S51038-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SELWYN D. KING, | : | |
| | : | |
| Appellant | : | No. 1186 MDA 2013 |

Appeal from the PCRA Order entered on May 30, 2013
in the Court of Common Pleas of Luzerne County,
Criminal Division, No(s): CP-40-CR-0000582-2010,
CP-40-CR-0000583-2010, CP-40-CR-0000584-2010,
CP-40-CR-0000585-2010, CP-40-CR-0000587-2010,
CP-40-CR-0000588-2010, CP-40-CR-0000589-2010,
CP-40-CR-0000590-2010, CP-40-CR-0000591-2010,
CP-40-CR-0000592-2010

BEFORE:  BOWES, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED AUGUST 28, 2014**

Selwyn D. King ("King") appeals from the Order denying his Petition for relief pursuant to the Post Conviction Relief Act.  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On November 10, 2010, King pled guilty to six counts of delivery of heroin and four counts of criminal conspiracy to deliver heroin.[1]  On December 30, 2010, the trial court sentenced King to 82 to 164 months in prison, and determined that he was ineligible for the Recidivism Risk Reduction Incentive ("RRRI") program based on a prior criminal conviction. King did not file a direct appeal.

---

[1] **See** 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. § 903(a)(1).

On May 1 2012, King, *pro se*, filed the instant PCRA Petition, "*nunc pro tunc*." The PCRA court appointed King counsel. Following a hearing, the PCRA court denied King's PCRA Petition. King filed a timely Notice of Appeal.

On appeal, King raises the following questions for our review:

I. Is [King] RRRI eligible when he has a prior conviction in the state of New York of [c]riminal [p]ossession of a [w]eapon[?]

II. Is [King] entitled to post-conviction collateral relief based upon the principle of sentencing entrapment[?]

III. Is [King] entitled to relief under the PCRA for ineffective assistance of counsel[?]

Brief for Appellant at 1.

We review an order [denying] a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of the record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Initially, under the PCRA, any PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." ***Id.*** § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues

raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Because King did not seek direct review of his judgment of sentence, his sentence became final in January 2011, when the period of time to seek review expired. *See* 42 Pa.C.S.A. § 9545(b)(3). Because King did not file the instant PCRA Petition until May 2012, his Petition is facially untimely.

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2); *Albrecht*, 994 A.2d at 1094 (Pa. 2010).

Here, King did not plead or prove any exception and, instead, raises claims regarding his eligibility for the RRRI program, sentencing entrapment and ineffectiveness of counsel. *See* Brief for Appellant at 5-10. Because King did not successfully invoke any of the three exceptions necessary to circumvent the PCRA's timeliness requirement, we lack jurisdiction to address the merits of his claims on appeal.[2]

Order affirmed.

---

[2] Although the Commonwealth purported to waive the untimeliness of King's Petition, the PCRA's timeliness requirement is jurisdictional and cannot be waived. *See Commonwealth v. Fowler*, 930 A.2d 586, 590-91 (Pa. Super. 2007) (stating that "the timeliness requirements of the PCRA are mandatory and jurisdictional in nature").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/2014